## MADISONVILLE TRACTION CO. v. ST. BERNARD MIN. CO.

(Circuit Court, W. D. Kentucky. May 27, 1904.)

**1. FEDERAL COURTS—REMOVAL OF CAUSE—CITIZENSHIP—EMINENT DOMAIN.**

Where suit was brought for the condemnation of land for a railroad right of way by a Kentucky railroad corporation against a citizen of another state, the railroad company was the sole actor in the proceeding, though attempting to use the state's power of eminent domain, and, the suit being one of a civil nature involving more than $2,000, exclusive of interest and costs, it was removable to the federal courts.

**2. SAME—STATUTES—CONSTRUCTION.**

Section 1, Acts March 3, 1887, c. 373, 24 Stat. 552, and August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509], providing that any suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, "being non-residents of that state," *held*, that the phrase "being non-residents of that state" should be construed as equivalent to the words "not being citizens of that state."

**3. SAME.**

The jurisdiction of the Circuit Court of suits removed from the state court, as authorized by section 1, Acts March 3, 1887, c. 373, 24 Stat. 552, and August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], depends alone on the diverse citizenship of the parties and the amount in controversy, those parts of the statute relating to "inhabitancy" and "residents" being matters which affect the personal privilege of venue only.

---

¶ 1. Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

4. SAME—EFFECT OF REMOVAL.

>Where preliminary proceedings were taken for the condemnation of land for a railroad right of way without notice to the nonresident owner thereof, and no notice was given to such owner until after the report of commissioners had been filed in the state court, whereupon such owner removed the proceedings to the federal courts, the suit not having been begun until process was first issued against such owner, it was entitled in the federal court to contest the complainant's right to take the land, as well as the amount of compensation to be paid therefor.

Gordon, Gordon & Cox and E. G. Sebree, for plaintiff.

Fairleigh, Straus & Fairleigh and H. H. Huffaker, for defendant.

EVANS, District Judge. This is a proceeding under the Kentucky Statutes, instituted in the county court of Hopkins county by the Madisonville Traction Company, a citizen of Kentucky, against the St. Bernard Mining Company, a citizen of Delaware, for the condemnation of certain lands in that county, belonging to the mining company, for the uses of the traction company. Without notice to the mining company, the county court appointed commissioners, who valued the land said by the traction company to be needed for its uses, and returned their report to the county court. Upon its being filed, process was served upon the mining company. Thereupon, and in due season, it removed the case to this court. The traction company has moved to remand it to the state court, and urges that step upon grounds which will be developed in the course of what is about to be said.

If the commonwealth of Kentucky by a similar proceeding were seeking to condemn for its own public purposes the land of the St. Bernard Mining Company, say, for a courthouse or a jail, no doubt could arise upon the question of whether the proceeding could be removed from the state court to this court. It could not be removed for one all-sufficient reason which would meet the attempt at the threshold, namely, there would be no adverse citizenship, inasmuch as the state, for jurisdictional purposes, is not to be treated as a citizen, within the meaning of that term as used in the judiciary act. Postal Telegraph Co. v. Alabama, 155 U. S. 487, 15 Sup. Ct. 192, 39 L. Ed. 231. But here the commonwealth of Kentucky is not a party to the litigation, either actually or formally. The Madisonville Traction Company alone is the party, the litigant, the actor. It is true that this company is using power conferred by state laws, but so also do all litigants who come into the courts of the state to enforce rights conferred by its laws, written or unwritten. The traction company, a citizen of Kentucky, being the sole litigant, the sole actor, on one side, and the mining company, a citizen of Delaware, being the sole litigant and respondent on the other, the contestation is between those two citizens alone, and the amount in controversy being shown to exceed $2,000, exclusive of interest and costs, the other question is whether this proceeding is a "suit of a civil nature," and one of which this court might have had jurisdiction if it had been brought here in the first instance. That it is a suit of a civil nature admits of no doubt. Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449; Boom Co. v. Patterson, 98 U. S. 406, 25 L. Ed. 206; Searl v. School District, 124 U. S. 199, 8 Sup. Ct. 460, 31 L. Ed. 415;

Union Terminal Co. v. Chicago, etc., Ry. Co. (C. C.) 119 Fed. 209; Kirby v. Chicago, etc., Ry. Co. (C. C.) 106 Fed. 551.

It seems to me, also, inasmuch as there was in each one of those cases, except the first named, a removal, which was sustained, although the proceeding was to condemn land by a corporation, that they, at least inferentially, establish the distinction, already noticed, that while proceedings for that purpose by the state itself could not be removed, yet that the same reasons do not by any means apply to cases where corporations use the power given to them by the Legislature to condemn to their own uses lands which belong to another. The argument of the learned counsel for the traction company is ingenious and plausible, but, I think, overlooks the distinction referred to. It seems to the court, after a careful examination of them, that there is nothing in the actual decisions of the court in Boom Co. v. Patterson, 98 U. S. 404, 25 L. Ed. 206, Searl v. School District, 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415, and Mexican, etc., R. R. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, which at all conflicts with the view just expressed, although those cases are greatly relied on by counsel. So much of the judiciary act of 1887–88 as is applicable to the point we are discussing is in this language:

"Section 1. That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and  *   *   *  in which there shall be a controversy between citizens of different states in which the matter exceeds, exclusive of interest and costs, the sum or value aforesaid.  *   *   *  But  *   *   *  no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

"Sec. 2. That any suit of a civil nature at law or in equity  *   *   *  of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district, by the defendant or defendants therein, *being non residents of that state*." Acts March 3, 1887, and August 13, 1888 (24 Stat. 552, c. 373; 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, pp. 508, 509]).

It may at this point be observed that the last words in section 2, which I have quoted and italicized, have been construed to be equivalent to the words "not being citizens of that state." Martin v. B. & O. R. R. Co., 151 U. S. 676–677, 14 Sup. Ct. 533, 38 L. Ed. 311. And it may also be remarked that it has been conclusively settled that in suits of a civil nature the jurisdiction given by the statute depends alone upon the diverse citizenship of the parties and the amount in controversy, while those parts of the statute which relate to "inhabitancy" and "residence" are matters which affect the personal privilege of venue only, and not jurisdiction as such. McCormick, etc., Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 448, 12 Sup. Ct. 935, 36 L. Ed. 768; Martin v. B. & O. R. R. Co., 151 U. S. 676, 14 Sup. Ct. 533, 38 L. Ed. 311; In re Keasbey & Mattison Co., 160 U. S. 229, 16 Sup. Ct. 273, 40 L. Ed. 402; Simonton,

J., in Empire, etc., Co. v. Propeller, etc., Co. (C. C.) 108 Fed. 900, and Whitworth v. Ill. Cent. R. R. Co. (C. C.) 107 Fed. 557.

In its opinion in Mexican Natl. R. R. Co. v. Davidson, 157 U. S., at the bottom of page 208, 15 Sup. Ct. 566, 39 L. Ed. 672, the court, in speaking of the provisions of the act of 1887–88, says:

"Section 2, however, refers to the first part of section 1, by which jurisdiction is conferred, and not to the clause relating to the district in which suit may be brought."

It may not be amiss to remark that these cases in no wise appear to conflict with the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, much relied on by counsel. The syllabus in that case very accurately expresses the exact point of that decision.

But it seems quite unnecessary to pursue further this phase of the subject, and we proceed to the consideration of the proposition most pressed in behalf of the traction company, which, stated generally, is that the case is not removable at all as to that part of it which seeks to condemn the land, though it is admitted that that part of the case involving the mere ascertainment of compensation may possibly be so. In other words, it seems to amount to this: that the basic controversy, viz., that involved in the claim to the land, cannot be removed, because that is to be settled by the exercise of the right of eminent domain, but that its inevitable incident—the ascertainment of compensation— possibly may be removed. In disposing of this contention, I think we may assume, at all events, that we have here a suit of a civil nature, the parties to which are citizens of different states, and that there is a matter in controversy which exceeds in amount $2,000, exclusive of interest and costs. Of such a suit this court would undoubtedly have had original jurisdiction, even if it were a condemnation proceeding. It would come literally within the express language of the statute. Where those three jurisdictional prerequisites coexist, either party, under section 1 of the act, may bring its suit in this court, and this would be so whether the suit were to enforce a mortgage, a note, a trust, or any right created by a statute of the state. The fact that it is exceedingly seldom that such a proceeding as this is instituted in the federal courts does not make it impossible or unlawful for it to be done. On the contrary, the rule, with a few exceptions not pertinent here, is established by an unbroken line of authorities, that where a state statute gives any remedy which is available in a state court it is also available, if other jurisdictional requisites are present, in the federal courts, although those courts are not mentioned in the statute. This is said to be axiomatic in federal jurisprudence. Ex parte McNeil, 13 Wall. 243, 20 L. Ed. 624, and many subsequent cases. So that in the proper sense, this court would have had jurisdiction of this action if it had been originally brought here by the traction company. Union Terminal Co. v. Chicago, etc., R. R. Co. (C. C.) 119 Fed. 209. If the proceeding had been instituted here, this court would have been bound to give to the traction company the exact relief which it would be entitled to under the state law—no more, no less. It must be presumed that it will do so now. So that it is only a question of the right of the respondent to

choose the tribunal to try the case.    This right is given by the supreme law of the land.

When this case was first brought to my attention upon a motion for a temporary restraining order made in a suit in which that relief was sought, the question of the court's jurisdiction in this proceeding necessarily suggested itself, and was somewhat considered.    The cases above referred to, or most of them, were then examined.    Now a distinction is urged by the learned counsel for the plaintiff to the effect that this case only involves questions concerning the assessment of damages, and must be limited to that phase of it in this court; but, even if this be true, it cannot affect the motion to remand, which would have to be overruled if upon any ground the case is properly here.    They insist that the preliminary proceedings in the county court, of which the mining company had no notice until after the report was filed, exerted, beyond recall, the power of eminent domain, condemned the land to the uses of the traction company, and vested in it all the owner's title thereto.    While, possibly, it may be premature to pass upon this question, I cannot refrain from now saying that it seems to me that this proposition is wholly unmaintainable.    As the contention points out, it would leave nothing to be done here except to consider the mere reassessment of values and compensation.    It assumes that the mere condemnation part of the case was finally concluded when the process on the commissioners' report was issued and served, and could not be affected by a hearing before the court, an opportunity for which was supposed to be afforded by the service of process.    In short, it assumes that the most important part of the case ended before the service of process, leaving only remnants of the controversy to be wound up thereafter.    While it is ably urged, the court finds itself unable to yield to the contention.    It would require the anomalous conclusion that the principal object of the litigation was achieved before the suit was begun.    The litigation—the suit—against the mining company was begun when the process was first issued, and that company then for the first time was tendered a day in court.    Not till then did a controversy arise or begin.    Then a suit of a civil nature was commenced. Civ. Code Prac. § 39.    The object of that suit was to take from the mining company its property and confer title thereto upon the traction company, the latter first paying therefor just compensation.    This required a judicial proceeding; but only one, not two.    Counsel would have the court divide this suit into two separate and distinct parts, treating one of those parts, namely, the controversy respecting the title to the land, as having been finally and conclusively settled by the preliminary proceeding taken in the county court, without notice to the owner, and therefore as not being removable, and the other part, namely, that which involves the settlement of the compensation only, as still being open and removable.    But it seems to me that this division would be wholly artificial, not to say arbitrary, and without any warrant in law.    The mining company, the owner of the land, has the right to litigate in the courts the right of the traction company to take its land at all, as well as the right to compensation therefor.    The chief object the traction company has in view is the acquirement of the land, and

that is the principal element of the litigation. Its interest in the other matter is quite secondary and incidental, and it follows that, if anything is removable, it is the entire suit, in all its parts, root and branch. In any event, and even if the distinction drawn by the counsel is well conceived, the case was well removed as to the question of compensation, and the motion to remand cannot prevail.

It seems to me that the motion should be overruled, and it is accordingly so ordered.