## FRANZEN et al. v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. August 20, 1921. Rehearing Denied October 25, 1921.)

No. 2894.

1. **Courts ☞366(11)—Decision of state court as to right to maintain condemnation proceedings followed.**

A decision of the state court establishing a railroad's right to maintain condemnation proceedings for certain purposes settles the issue for the federal courts, when no reason is advanced why it should not be accepted.

2. **Courts ☞281—Condemnation action may be brought in federal court.**

An action to condemn land is a suit at common law, within the meaning of the federal Judiciary Act, and may be brought in the federal court of the district in which the land lies.

3. **Pleading ☞111—Refusal to dismiss proper, where defendants did not show proceedings in other action, or that it involved the same land.**

The burden being on defendants to establish their plea in abatement, setting up the pendency of another suit, the refusal to dismiss on that ground was proper, where it appeared that a judgment dismissing the petition in such other suit was reversed, but the evidence did not disclose what subsequently occurred, nor that the two actions involved the same land.

4. **Abatement and revival ☞12—Pendency of condemnation suit in state court not bar to action in federal court.**

Condemnation proceedings involving the same land pending in the state court are no bar to the maintenance of a similar action in a federal court, where the state court, in first taking jurisdiction, did not take possession of the res.

5. **Courts ☞352—Selection of jurors in condemnation suit in federal court not governed by state statutes.**

The Illinois statute authorizing condemnation proceedings, requiring the jurors to be selected from the freeholders of the county, and regulating the number of challenges, does not govern a condemnation action in the federal courts, as the Legislature was not authorized, and did not intend, to prescribe for federal courts a practice in conflict with Judicial Code, § 287 (Comp. St. § 1264), and other federal statutes.

6. **Eminent domain ☞262(1)—Admissibility of evidence of selling price in condemnation suit rests with trial judge.**

Whether lands are sufficiently similar in character and location to that sought to be condemned to admit evidence of their selling price, and whether the previous sale of the land or other similar land may or should be shown, are matters concerning which the trial judge can best decide.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Chicago, Milwaukee & St. Paul Railway Company against George E. Franzen and others. Judgment for plaintiff, and defendants bring error. Affirmed.

The parties will be designated as they appeared in the court below. Plaintiff, operating a railroad, instituted in the state court proceedings to acquire certain rights in land owned by defendants. Its right so to do was at first denied, but on appeal was established. C., M. & St. Paul Ry. Co. v. Franzen, 287 Ill. 346, 122 N. E. 492. Thereafter condemnation proceedings were instituted in the federal court to acquire land from the defendants; the basis for the claim of jurisdiction being diversity of citizenship and the amount involved exceeding $3,000. A judgment based on the verdict was duly entered, and this writ of error followed.

A. F. Mecklenburger, of Chicago, Ill., for plaintiffs in error.

O. W. Dynes and C. S. Jefferson, both of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. [1] Plaintiff's right to maintain condemnation proceedings for the purposes set forth in the petition was established by the decision of the Supreme Court of Illinois in the case above cited. No reason is advanced why this ruling should not be accepted by us, and the issue is therefore settled. Hairston v. D. & W. Ry. Co., 208 U. S. 598, 28 Sup. Ct. 331, 52 L. Ed. 637, 13 Ann. Cas. 1008; Strickley v. Highland Boy Mining Co., 200 U. S. 527, 26 Sup. Ct. 301, 50 L. Ed. 581, 4 Ann. Cas. 1174; Union Lime Co. v. C. & N. W. Ry. Co., 233 U. S. 211, 34 Sup. Ct. 522, 58 L. Ed. 924.

[2] But defendants contend that the federal court cannot maintain an action to condemn; the state court alone being authorized by the Illinois statute to try issues arising out of such proceedings. A very interesting and, we may add, able brief is submitted in support of this contention. But the question is closed by the decisions of the Supreme Court. Miss., etc., River Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Mason City & Ft. Dodge Ry. Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629; Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449.

10 Ruling Case Law, 207, we think, correctly announces the law of these decisions to be:

"A judicial proceeding to take land by eminent domain and ascertain compensation therefor is a suit at common law within the meaning of the federal Judiciary Act; and when the requisite diversity of citizenship exists such a suit may be brought in or transferred to the federal District Court of the district in which the land lies."

See, also, Nichols on Law of Eminent Domain (1917 Ed.) pp. 1040, 1041.

True, in the cases above cited, the court was considering the propriety of removing condemnation proceedings from the state to the federal court, and in at least one case the landowner was the moving party. We

fail, however, to appreciate the force of the distinction, for actions are removable only when they could, in the first instance, have been brought in the federal court.

[3, 4] Attack is made upon the judgment because there was a proceeding pending in the state court, involving the identical issues, when this action in the federal court was begun and when it was tried. We do not find substantiation for this position in the record. It does appear that condemnation proceedings were begun in the state court, that a judgment dismissing the petition was entered, an appeal taken, and the Supreme Court reversed the judgment of dismissal. The record does not disclose what occurred subsequently, and we are not able to say that the two actions involved the same land. The burden being upon the defendants to establish their plea in abatement, it follows that no error was committed in refusing to dismiss on this ground. But had the record disclosed pending condemnation proceedings involving the same land, it would have been no bar to the maintenance of this action, in view of the character of a condemnation proceeding. McClellan v. Carland. 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762; 1 Corpus Juris, 87, 88.

A different situation would have existed had a state court, in first taking jurisdiction of the cause of action, also taken possession of the res. Farmers' Loan & Trust Co. v. Lake Street Elevated Rd. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667. It is apparent from the large and carefully selected list of cases cited by defendants' counsel that courts have not always recognized the necessity of the res being possessed, but an examination of the facts in most of these cases discloses such possession, and the language of the opinion was used with reference to the facts in the case under consideration and should be read as so limited.

[5] It is also urged that error was committed upon the trial in the admission and rejection of evidence and in impaneling the jury. In respect to the latter assignment of error complaint is made because the jurors were not freeholders of Du Page county, where the real estate was situated and defendants were denied five peremptory challenges. No challenge of any juror for cause was made; no complaint was made of the jury; nor was any juror objected to because he did not hail from Du Page county. Not until after the trial did defendants object to the jury. The question may well be disposed of by broadly denying defendants' right to a trial by jury selected from the freeholders of Du Page county.

When the Illinois statute authorizing condemnation proceedings was enacted, the right to have such actions tried in the federal courts (the necessary amount and diversity of citizenship appearing) existed as the cases cited disclose. It was also the established law that the practice respecting the impaneling of a jury in the federal courts was governed by the federal statutes, or section 287 of the Judicial Code (Comp. St. § 1264). Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Luxton v. North River Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Detroit M. & T. S. L. Ry. Co. v. Kimball, 211 Fed. 633, 128 C. C. A. 565. Not only

is it fair to assume then that the Legislature of Illinois was speaking to the state courts only, and was laying down a practice to be followed therein; but it was not authorized, nor did it intend, to prescribe for the federal courts a practice which conflicted with the congressional enactments for those courts on the same subject.

[6] In reference to the admission of evidence respecting sales of similarly or nearly similarly situated lands, as well as the purchase price of the land in question a few years preceding, the rules of law are too well settled to call for restatement. Whether the lands are sufficiently similar in character and location to admit evidence of their selling price, whether the previous sale of the land in question or other similar land, may or should be shown, are matters concerning which the trial judge can best decide. Recognizing that this evidence is received for the purpose of placing a jury in a better position to pass judgment upon the ultimate question of fact—the value of the land condemned and the injury to the balance—it is usual for the court to permit a rather wide range of investigation, leaving it to the counsel to point out the weakness or the strength of the comparative sales and to the jury to weigh the evidence and ultimately determine the issue. Perhaps such evidence sometimes assumes too great importance. But the trial judge is in the best possible position to decide whether the situation has been clearly and satisfactorily presented, and he has it within his reasonable discretion to order or withhold a view of the premises to better enable the jury to understand and weigh such evidence. We find no error in regulating this matter, but instead commend the District Judge for the way he controlled the range of this evidence.

The verdict finds ample support in the evidence.

The judgment is affirmed.