**CITY OF THIBODAUX, Appellant,**

v.

**LOUISIANA POWER & LIGHT COM-
PANY, Appellee.**

No. 16870.

United States Court of Appeals
Fifth Circuit.

April 18, 1958.

As Amended and Modified on Denial of
Rehearing July 15, 1958.

 

Theo. F. Cangelosi, Baton Rouge, La., Remy Chiasson, Thibodaux, La., Wollen J. Falgout, City Atty., Thibodaux, La., Louis F. Claiborne, New Orleans, La., for appellant.

J. Raburn Monroe, Andrew P. Carter, Monroe & Lemann, Melvin I. Schwartzman, New Orleans, La., Harvey Peltier, Peltier & Peltier, Donald Peltier, Thibodaux, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The City of Thibodaux, Louisiana, supplied electric current to consumers within its territorial area. It extended its boundaries and annexed an area which had been supplied with electric current by the Louisiana Power & Light Company. The City brought a suit for expropriation in a Louisiana District Court against the power company seeking to acquire the electric distribution facilities situate in the annexed area. The City asserted that the power to condemn had been granted by a legislative enactment of 1900 which provided:

"Any municipal corporation of Louisiana may expropriate any electric light, gas, or waterworks plant or property whenever such a course is thought necessary for the public interest by the mayor and council of the municipality. When the municipal council cannot agree with the owner thereof for its purchase, the municipal corporation through the proper officers may petition the judge of the district court in which the property is situated, describing the property necessary for the municipal purpose, with a detailed statement of the buildings, machinery, appurtenances, fixtures, improvements, mains, pipes, sewers, wires, lights, poles and property of every kind, connected therewith, and praying that the property described be adjudged to the municipality upon payment to the owner of the value of the property plus all damages sus-

tained in consequence of the expropriation. Where the same person is the owner of both gas, electric light, and waterworks plants, or of more than one of any one kind of plant, the municipal corporation may not expropriate any one of the plants without expropriating all of the plants owned by the same person.

"All claims for damages to the owner caused by the expropriation of any such property are barred by one year's prescription, running from the date on which the property was actually taken possession of and used by the political corporation." L.S.A. Title 19, § 101.

Diversity of citizenship formed the basis for removal to the United States District Court.

The power company, among other things, alleged in its answer that it had a franchise to serve the area with electric current and that if the quoted statutory provision be so construed as to permit the expropriation of its property it would be unconstitutional and invalid as impairing the obligation of its franchise contract and the taking of its property without due process of law. In addition to these questions arising under the Federal Constitution, the appellee asserted that the Louisiana statute violated four separate provisions of the Louisiana Constitution. A pre-trial conference was held. The district court concluded that since the statute had not been construed nor its validity passed upon by the Louisiana courts, the proceedings in Federal

court should be stayed until a decision interpreting the Act by the Supreme Court of Louisiana could be obtained through the Louisiana Declaratory Judgment procedures. City of Thibodaux v. Louisiana Power & Light Co., D.C., 153 F.Supp. 515. By the district court's order further proceedings were stayed until the Supreme Court of Louisiana has been afforded an opportunity to interpret the Louisiana statute. The City appealed from the stay order. The power company has moved to dismiss the appeal on the ground that the order is not a final judgment and hence not appealable.

■ ■ Under the Federal statute [1] only civil actions may be removed from a state to a Federal Court. Although some state condemnation proceedings may not be, at every stage, removable civil actions,[2] the expropriation suit authorized by the Louisiana act is a controversy between parties which is to be submitted to a judicial tribunal for determination by an exercise of the judicial power. Such proceeding is a civil action and so may be removed where, as here, diversity of citizenship and jurisdictional amount are present.[3]

■ ■ The question is raised as to whether the order is one from which an appeal can be taken. The stay order of the district court is not a final decision under 28 U.S.C.A. § 1291.[4] Is it then an interlocutory order granting or denying an injunction which is appealable under 28 U.S.C.A. § 1292? It is not an injunction in form. Whether or not it is injunctive is a question which is not without difficulty.[5] We think that the

1. 28 U.S.C.A. § 1441.

2. Chicago Rock Island & Pacific R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L. Ed. 317; Village of Walthill, Neb. v. Iowa Electric Light & Power Co., 8 Cir. 1956, 228 F.2d 647.

3. Searl v. School District No. 2, 124 U.S. 197, 8 S.Ct. 460, 31 L.Ed. 415; Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462.

4. Baltimore Contractors, Inc., v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233.

5. See Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L. Ed. 440; Shanferoke Coal & Supply Corp. of Delaware v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; City of Morgantown, W.Va. v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Baltimore Contractors, Inc., v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233.

rule as it has been evolved is as has been thus stated:

"Amid the existing confusion of decisions it is hard to proceed with assurance; but we take it as now settled that the grant, or denial, of a stay in an action that would have been a suit in equity before the fusion of law and equity is now not appealable under § 1292(1) of Title 28; but, if the order is in an action that would have been an action at law before that time, it is appealable." Council of Western Electric Technical Employees-National v. Western Electric Co., 2 Cir., 1956, 238 F.2d 892, 894.[6]

The Supreme Court has had occasion to consider the nature of condemnation proceedings. It has said:

"The right of eminent domain always was a right at common law. It was not a right in equity, nor was it even the creature of a statute. The time of its exercise may have been prescribed by statute; but the right itself was superior to any statute. That it was not enforced through the agency of a jury is immaterial; for many civil as well as criminal proceedings at common law were without a jury. It is difficult, then, to see why a proceeding to take land in virtue of the government's eminent domain, and determining the compensation to be made for it, is not, within the meaning of the statute, a suit at common law, when initiated in a court." Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449.[7]

The order entered by the district court granted a stay in an action at law and was an appealable order under 28 U.S. C.A. § 1292(1).

In an early and celebrated opinion by Chief Justice Marshall it was said:

"It is most true, that this court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction, if it should. The judiciary cannot, as the legislature may, avoid a measure, because it approaches the confines of the Constitution. * * * With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." Cohens v. Commonwealth of Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257.[8]

The doctrine announced in the foregoing quotation was applied in a suit for adjudication of heirship under state law A stay order to permit a determination of the issue in the state court was held improper. McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762. Such was the general rule prior to Erie-Tompkins[9] and such has been the general rule since Erie-Tompkins.[10] This general rule, applicable in diversity cases, is not without exceptions. In the case which is, perhaps, the leading and most often cited of the cases comprising the exceptions, Railroad Commission of Texas v. Pullman Co.,[11] an injunction was sought

6. See also Jewell v. Davies, 6 Cir., 1951, 192 F.2d 670; Ross v. Twentieth Century-Fox Film Co., 9 Cir., 1956, 236 F. 2d 632; Cuneo Press, Inc., v. Kokomo Paper Handlers Union, 7 Cir., 1956, 235 F.2d 108; Bernhardt v. Polygraphic Co., Inc., 2 Cir., 1956, 235 F.2d 209.

7. The principle has been restated in Searl v. School District No. 2, 124 U.S. 197, 8 S.Ct. 460, 31 L.Ed. 415; Metropolitan Railroad Co. v. District of Columbia, 195 U.S. 322, 25 S.Ct. 28, 49 L.Ed. 219.

8. Cf. Williams v. State of Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161.

9. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

10. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, rehearing denied 338 U.S. 841, 70 S.Ct. 33, 94 L.Ed. 514.

11. 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

to restrain the enforcement of an order of a state administrative body on the ground that the order was not authorized by the state law and was violative of the Federal Constitution. The District Court granted the injunction. The decree was reversed. The Supreme Court held that the District Court should have stayed its hand, reserving its decision but retaining its jurisdiction until a proceeding for a determination of the state issues could be brought in a state court. In an opinion by Mr. Justice Frankfurter, the Court noted its reluctance to decide constitutional questions and the indecisiveness of Federal determinations of questions of state law. In such a situation, it was said:

> "The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." 312 U.S. 500, 61 S.Ct. 645.

Stressing the discretion vested in the courts in equitable causes and announcing the doctrine of abstention, the court observed that,

> "This use of equitable powers is a contribution of the courts in fur-

thering the harmonious relation between state and federal authority * * *." 312 U.S. 501, 61 S.Ct. 645.

In other cases the staying of suits seeking injunctions to restrain the action or threatened action by state administrative bodies has been approved or directed.[12] The same rule furnished the guide to decision where an injunction was sought to restrain the enforcement of the Florida "Right to Work" constitutional provision,[13] where injunctions were sought to restrain the enforcement of state statutes,[14] and in a suit for a declaratory judgment construing and to enjoin the enforcement of a city ordinance.[15] A like result was reached in a suit to quiet title and for an injunction.[16] The doctrine of abstention was applied in a bankruptcy proceeding involving a question as to the extent of the bankrupt railroad's title to a right of way.[17] Bankruptcy proceedings are inherently proceedings in equity.[18]

The pattern is consistent. The cases are usually equitable. In the Pullman case the principles of equity are declared to be the basis of the doctrine of abstention and these principles were reiterated in the Fieldcrest Dairies opinion. In a more recent case reference was made to the Spector Motor Co., Fieldcrest Dairies, Pullman and Magnolia cases, and of them it was said:

12. Gilchrist v. Interborough Rapid Transit Co., 279 U.S. 159, 49 S.Ct. 282, 73 L.Ed. 652; Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390, rehearing denied 311 U.S. 727, 61 S.Ct. 167, 85 L. Ed. 473; Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

13. American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.

14. Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Shipman v. Du Pre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; Government and Civic Employees Organizing

Committee, C. I. O. v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894.

15. City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355, reversing 7 Cir., 122 F.2d 132.

16. Leiter Minerals, Inc., v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, rehearing denied 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560.

17. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876, 42 Am.Bankr.Rep.,N.S., 216.

18. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, 24 Am.Bankr.Rep.,N.S., 668; Texas Co. v. Miller, 5 Cir., 1947, 165 F.2d 111, certiorari denied 333 U.S. 880, 68 S.Ct. 911, 92 L.Ed. 1155.

"The cases mentioned above where this Court require submission of single issues, excised from the controversy, to state courts were cases in equity. The discretion of equity as to the terms upon which it would grant its remedies in the light of our rule to avoid an interpretation of the Federal Constitution unless necessary was relied upon to justify a departure from normal procedure. * * *

"The submission of special issues is a useful device in judicial administration in such circumstances as existed in the Magnolia, Spector, Fieldcrest and Pullman cases, supra, but in the absence of special circumstances, [Meredith v. City of Winter Haven] 320 U.S. at pages 236, 237, 64 S.Ct. at pages 11, 12, it is not to be used to impede the normal course of action where federal courts have been granted jurisdiction of the controversy." Propper v. Clark, 337 U.S. 472, 491, 492, 69 S.Ct. 1333, 1344, 93 L.Ed. 1480.

While the doctrine of abstention has been applied usually in equity cases, including the Magnolia case in bankruptcy, it does not, of course, follow that equity jurisdiction alone is enough to warrant the use of the doctrine. Cf. Meredith v. City of Winter Haven, supra. In the Meredith case, where declaratory and injunctive relief was sought, it was stated:

"The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment. [Citing cases] When such exceptional circumstances are not present, denial of that opportunity by the federal courts merely because the answers to the questions of state law are difficult or uncertain or have not yet been given by the highest court of the state, would thwart the purpose of the jurisdictional act. The exceptions relate to the discretionary powers of courts of equity. An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity. [Citing authority]. Exercise of that discretion by those, as well as by other courts having equity powers, may require them to withhold their relief in furtherance of a recognized, defined public policy." Meredith v. City of Winter Haven, 320 U.S. 228, 234, 235, 64 S.Ct. 7, 11, 88 L.Ed. 9.

The expropriation proceeding from which this appeal stems is not one where equitable jurisdiction and the discretion incident to such jurisdiction are present. Nor do we find present any such exceptional circumstances as would require or permit the district court to delay its determination of the case pending a state adjudication of state issues.

The order of the district court is reversed and the cause is remanded.

Reversed and remanded.