KIRKPATRICK, C. J. It is not alleged that any such rule has ever been granted in this court.

FORD, J. A rule for the production of corporation books might be found on the minutes of this court.

*Curia advisare vult.* The court, after taking time to deliberate upon it, refused the motion.

JOHN READING *against* JOHN DEN *ex dem.* ELISHA E. READING and others.

Upon the reversal or affirmance of a judgment of this court by the Court of Errors, and a *remittitur* of the record, no application to the court for leave to issue execution is necessary.

This cause had been removed from this court to the Court of Errors, and the judgment was there reversed, and the record ordered to be remitted.

*Wall* now moved to file the *remittitur,* and for permission to issue execution.

*Ewing* said that it was not necessary to apply to this court for leave to issue execution.

KIRKPATRICK, C. J. thought it was necessary to make application to the court.

*Ewing* said, he had always taken the practice to be otherwise, and prayed for time to search for precedents, which was granted him. At a subsequent day in term, *Mr. Ewing* cited the following cases, which had been affirmed in the Court of Errors, the execution remitted and execution issued, without any application to this court, *viz., Joseph Wall* v. *John Den ex dem.; Samuel Stevenson,* in ejectment for lands in Bur-

lington, in 1789, Messrs. Paterson and Leake attorneys; *Den ex dem. John Pearis and Andrew Pearis* ads. *Mary Paterson*, in ejectment for lands in Sussex, in 1795; *Barnt De Klyn*, plaintiff in error, v. *Robert E. Griffith*, defendant in error, in debt, in 1798; *Wm. Moore and Ebenezer Powell*, v. *John Den ex dem. John Locquil*, ejectment in Cumberland, L. H. Stockton, attorney, in 1798; *John Den ex dem. Barnt De Klyn* ads. *Robert Wright and Philip Nicklin*, ejectment, Richard Stockton, attorney, in 1805; *David Allen* v. *John Den ex dem. Snedecher*, ejectment in Middlesex, in 1809, Leake, attorney; *John Schenck*, late collector, &c., v. *John Stevenson*, administrator, &c., in 1810; *David Fogg and others* v. *John Den*, in ejectment, in 1812, L. H. Stockton, attorney; *Abraham Ten Eyck* v. *Elijah Dewey and wife*, in dower, 1814, R. Stockton, attorney. These cases, he said, shewed what had been the uniform practice in this state, and the practice in England appeared to be the same. In 2 *Tidd's Practice* 1135, it is said: "After affirmance in exchequer chamber, the defendant in error, after four days, may take out execution; but where the judgment is affirmed in the exchequer chamber, or house of lords, it is necessary that the transcript should be remitted to the Court of King's Bench before the execution is issued, or, at least, before it is returnable." And in 2 *Saund*. 101, x. it is said: "After affirmance, &c., defendant in error may take out execution for the sum recovered in the original action." Again, "But where a judgment is affirmed in the exchequer chamber, or house of lords, the transcript should be remitted before the issuing of the execution, at least before it is returnable;" but it is no where said in these books, that there must be an application to the court below for leave to issue execution.

KIRKPATRICK, C. J. It appears to be the settled practice of the court, that the application for leave to issue the execution is unnecessary.