969

UNITED STATES v. 25.936 ACRES OF LAND, MORE OR LESS, IN BOROUGH OF EDGEWATER, BERGEN COUNTY, N. J., et al.

No. 443a.

District Court, D. New Jersey.

Oct. 12, 1943.

Fred W. DeVoe, Sp. Asst. to Atty. Gen., for petitioner.

Frank H. Hall, of New York City, Walter G. Winne, of Hackensack, N. J., and Parker McCollester, of New York City (Sidney S. Coggan, and Lord, Day & Lord, all of New York City, of counsel), for respondent, Corn Products Refining Co.

FAKE, District Judge.

Condemnation commissioners were duly appointed in this case. They considered the evidence produced before them and made an award from which both sides have appealed.

An order framing the issue was entered which also fixed the date for the striking of a jury. Prior to the hour set for striking the jury, the government filed a challenge to the array. It is that challenge which is now to be considered.

It is urged that the rights of the government are prejudiced, because the list of struck jurors consists of residents of the county in which the premises in question are situate and are not chosen from the District at large.

It is conceded that the prospective jurors were chosen from the county because of the interpretation which has been put upon the Conformity Act, 40 U.S.C.A. § 258. That Act says: "The practice, pleadings, forms and modes of proceedings * * * shall conform, as near as may be" to the like condemnation proceedings "in the courts of record of the State within which such district court is held."

The New Jersey statute governing the selection of names for a struck jury, N.J.R.S. 2:93-7, N.J.S.A., provides: "When an order is made for a struck jury for the trial of a civil action, the sheriff of the proper county * * * shall deliver * * * to the justice or judge of the court before whom the jury is to be struck, a book containing *the names of the several persons in his county qualified to serve as jurors, with their places of abode.*" The Act then further provides that on notice the justice or judge shall, in the presence of the parties, consider the names contained in the book and select the names of either forty-eight or thirty-six "whom he considers to be the most impartial and indifferent between the parties and best qualified as to talents, knowledge, integrity, firmness and independence of sentiment to try the cause." The parties may each then strike twelve names if forty-eight were chosen, or nine if thirty-six were chosen. The remaining twenty-four or eighteen, as the case may be, shall be the jury to be returned to try the case.

A Federal statute, 28 U.S.C.A. § 413, provides that "jurors shall be returned from such parts of the district * * * as the court shall direct, so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district with such service."

In attempting to follow the letter and spirit of the conformity provision, it has been the practice in this district, as far

970

back as I have been able to discover, to appoint condemnation commissioners who were resident freeholders of the county wherein the lands lie, thus following the letter and spirit of N.J.R.S. 20:1-6, N.J.S.A. which provides that the commissioners shall have such qualifications as to residence and the ownership of land. This was followed in appointing the commissioners in the instant case.

The State law, N.J.R.S. 20:1-16, N.J.S.A., provides that on appeal from the award of commissioners an order shall be made by the judge framing the issue and providing for a struck jury. In pursuance of the order so entered in this case, a list of seventy-two names of jurors resident in Bergen County has been delivered to the court by a deputy clerk of the court. Why the number has been fixed at seventy-two, I have been unable to ascertain with certainty. I have found no statutory requirement for that number either federal or state. I assume that it was fixed by a judge of this court sometime in the past as being a reasonable number for the purpose. With this I am in full accord.

█ The State law provides, as has been seen, that when a struck jury is required the sheriff is called upon to deliver to the judge a book containing the names of "the several persons in his county qualified to serve as jurors". In Maffett v. Den ex dem. Tonkins 1822, 6 N.J.L. 228 an issue arose on an objection to the "book" because it did not contain the names of all the persons qualified to serve as jurors in the county. The trial judge overruled the objection and proceeded to strike. When the case was called for trial, the defendant challenged the array. The sheriff was called as a witness and testified that the book contained the names of those whom "he conceived" to be qualified but not of three-fourths of those within the lawful ages. Another witness testified that in his opinion the book contained no more than one-third of the names of those qualified to serve. "The challenge was overruled upon the ground, that if the judge, at chambers, accepts the book and strikes the jury, its incompleteness is no ground of challenge to the array upon the trial." Mr. Chief Justice Kirkpatrick then said: "Upon a good deal of reflection and consideration, the court have thought that the rule laid down by the judge at the circuit, is the safest and best rule. Unless, therefore,

in cases of imposition and fraud, to which the party is privy, they are inclined to say, that the decision of the judge who strikes the jury must always be conclusive upon the matter." Later in 1892, Mr. Justice Depue followed the same thought in Gardiner v. State, 55 N.J.L. 17, 26 A. 30, 32, holding: "The general rule is that statutory provisions respecting the preparation of lists and the drawing of the panel are regarded as directory only, and that irregularities therein are no ground of challenge, unless they are such as plainly operated to the prejudice of the challenging party." Running down the New Jersey cases discloses nothing in conflict with the views above expressed. In the absence therefore of anything disclosing imposition, prejudice or fraud in the instant case, it follows that if the judge is satisfied with the list of seventy-two names as furnished, it is within his power to accept it as a basic list with which to proceed in the striking of names.

█ It remains to be seen whether the situation presented by limiting the jurors to the county where the land lies, is prejudicial to the rights of the parties in this proceeding. Here, as in the appointment of commissioners, the jurors have been chosen from the county, for the very good reason that the State law provides that such jurors as well as such commissioners shall be so chosen. Thus is spelled out a sincere effort at conformity by the Federal Court "as near as may be" with the State law. Certainly the thesis that prejudice must, ipso facto, appear when a jury is chosen from the county wherein the premises in question are situate, cannot be sustained. If it is then every condemnation proceeding in this State has been defective these many years.

It is not directly argued for the Government that the citizens and jurors of Bergen County are, or would be, prejudiced against the Federal Government in this proceeding, and yet, in effect, that is what it is sought to have the court find. Nor can the argument be sustained that taking the trial jury from the panel at large would result in a more competent or just jury. A serious and painstaking effort has been made within the applicable statutory and case law to have high type jurors on our lists from each of the counties in this district. That these efforts have been successful has been demonstrated more than once in recent years.

Moreover, it is my thought that when Congress directed this court toward following the methods prevailing in the State, it was in the legislative mind that always the Federal Courts are called upon to follow the law of the State in cases wherein titles to land are involved and Congress was also concerned with the rights of the citizens of the several states as distinguished from their rights as citizens of the United States. So they took the means which the conformity statute affords in fixing the procedural rights of the citizens of the State "as near as may be" to conform with their property rights just as would happen if the State were exercising its right of Eminent Domain.

Different methods of procedure have been approved in other States, as in Franzen v. Chicago, M. & St. P. R. Co., 7 Cir., 278 F. 370, but nothing that has come to my attention would indicate that the practice pursued here is unsound in reason or prejudicial in effect, or that it, in any way, transcends the discretionary power of this court.

The challenge is dismissed.