**In re MONOCACY PARK, CITY OF BETHLEHEM, PA.**

In re the Taking, Appropriation, and Acquisition, by the Right of Eminent Domain, of Lands of Harold S. Campbell, Martha M. Campbell, Harold S. Campbell, Jr., Jean D. Campbell, Kathleen L. Campbell, Jo Ann Campbell, and Irving Fox, Situate in Hanover Township, County of Northampton, and Commonwealth of Pennsylvania, by City of Bethlehem, for the Purpose of Extending and Enlarging City's Public Park Known as Monocacy Park.

**Civ. A. No. 25929.**

United States District Court
E. D. Pennsylvania.

Feb. 9, 1960.

Morgan, Lewis & Bockius, Richard P. Brown, Jr., Philadelphia, Pa., Daniel L. McCarthy, City Sol., Bethlehem, Pa., for City of Philadelphia.

Wolf, Block, Schorr & Solis-Cohen, Louis J. Goffman, Philadelphia, Pa., for Irving Fox, trustee.

GRIM, District Judge.

The City of Bethlehem, Pennsylvania ("City") has condemned and appropriated a tract of land [1] for park purposes. No question has been raised as to the City's right to condemn or the validity of the City's condemnation ordinance. The only purpose of the litigation arising out of the condemnation is to determine the amount of damages which the City must pay for the land, and the only problem now is a dispute over the choice of forum. The City contends that proceedings to determine the amount of damages must be had before the appropriate state court.[2] The property owner, Irving Fox,

---

[1]. Approximately 62½ acres in Hanover Township, Northampton County, Pennsylvania.

[2]. The Court of Common Pleas of Northampton County, Pennsylvania.

a citizen of New York, contends that because there is diversity of citizenship between the City and himself, he is entitled to have the proceedings heard and determined in this federal court.

Soon after passage of the condemnation ordinance, the property owner, following Federal Rule of Civil Procedure 71A, 28 U.S.C. and Pennsylvania procedure,[3] petitioned this federal court in Civil Action No. 25670 for the appointment of three viewers to determine the amount of the damages, basing jurisdiction upon diversity of citizenship. The City moved to dismiss. This court denied the City's motion to dismiss and at the same time appointed viewers as requested in the petition.[4]

Following the denial of its motion to dismiss in No. 25670, the City filed in the state court a petition for the appointment of viewers to determine the amount of the damages, in much the same way as the property owner had done here in No. 25670. In response to the City's petition the state court appointed as viewers the same individuals whom this court has appointed in No. 25670. The viewers are ready to perform their duties, but they are, understandably, uncertain as to whether to act under the appointment by this court or by the state court.

The proceeding brought by the City in the state court, which is the instant case, was removed to this court by the property owner. The matter now before this court is the City's motion to remand.

The record owner of the land is Irving Fox, trustee for certain minors. He acquired title by deed dated September 22, 1958.[5] As was decided in the opinion on

the City's motion to dismiss in No. 25670, Fox was properly appointed and is properly acting as trustee.[6]

In the instant case the City joined as parties in addition to Fox, both the predecessor trustees and the trust beneficiaries. All except Fox are citizens of Pennsylvania. The City contends that because these Pennsylvania citizens are parties, the diversity of citizenship requisite for removal does not exist.

■■ It is clear that the trustee, Irving Fox, as legal owner of the land, had the right without joining the beneficiaries to bring an action to recover the compensation to which the trust estate was entitled for the taking of the land.

"If a right other than for tort or in contract arises against a third person from the holding of title to the trust property, it is enforceable by the trustee. Thus, if property held in trust is taken by eminent domain, the trustee can maintain an action to recover compensation." Restatement, Trusts, 2d, Sec. 280, comment f.

Consequently, the predecessor trustees and the trust beneficiaries were not necessary parties to this proceeding.

■ Diversity jurisdiction cannot be defeated by joining unnecessary parties. In Salem Trust Co. v. Manufacturers' Finance Co., 1924, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, the Supreme Court said:

"Jurisdiction cannot be defeated by joining formal or unnecessary parties. The right of removal depends upon the case disclosed by the

---

3. Pennsylvania Third Class City Code, Sec. 2819, 53 P.S. § 37819.

4. An opinion involving various aspects of Civil Action No. 25670 has been filed, D.C., 181 F.Supp. 875. A reading of that opinion will make some of the statements in this opinion more meaningful.

5. Recorded in the office of the Recorder of Deeds of Northampton County on September 23, 1958, in Deed Book G, Volume 101, Page 238.

The original deed is one of the exhibits in another case (Civil Action No. 25490) in this court concerning the appropriating ordinance. Although so far as I can discover this original deed has not been introduced into the record in the instant case, I shall take judicial notice of it because it is in a record in a case in this court.

6. The facts stated in this opinion are based largely upon evidence developed in depositions. The statements of fact made herein will be regarded as findings of fact.

## 882

pleadings when the petition therefor is filed."

In Lee v. Lehigh Valley Coal Co., 1925, 267 U.S. 542, 543, 45 S.Ct. 385, 386, 69 L.Ed. 782, the Supreme Court said:

"When a defendant seeks to remove a suit from a State Court to the District Court, of course he is entitled to contend that a party joined by the plaintiff is not a necessary party and therefore does not make the removal impossible by defeating the jurisdiction."

The former trustees and the beneficiaries having not been necessary parties, the case can be removed to this court even though they were named as parties.

The depositions, moreover, do not support the City's contention that the transfer of title to the new trustee was illusory, and they do not support the contention that the appointment of the successor trustee or the conveyance to him were improper.

■ The City contends that the removal petition was and is premature on the ground that the case (it contends) cannot be removed to the federal court until the viewers in Northampton County have made an award and there is an appeal to the state court from that award to make possible a jury trial. As authority for this proposition the City cites Chicago, R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317. In the Stude case the railroad which appropriated the land requested an Iowa court to appoint a commission. After the commissioners made an award determining the amount of and assessing the damages, the railroad removed the case to a federal court. The landowner petitioned for remand to the state court and the Supreme Court affirmed an order remanding the case, because under the removal statute, 28 U.S.C.A. § 1441, only defendants are entitled to remove cases from state to federal courts, and the railroad could not bring itself within the statute because it was plaintiff and not a defendant. The Stude case does not decide, as the City contends, that a defendant in a state court proceeding cannot remove an eminent domain case to a federal court until the case has arrived at the jury stage in the state court. The Supreme Court recognized this in Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed. 2d 1163, by commenting on the Stude case, 360 U.S. at page 195, 79 S.Ct. at page 1067, as follows:

"Although holding that the respondent could not remove a state condemnation case to the Federal District Court on diversity grounds because he was the plaintiff in the state proceeding, the Court clearly recognized that the defendant in such a proceeding could * * * obtain a federal adjudication of the issues involved."

As has been pointed out in the opinion in Civil Action No. 25670, the present eminent domain case can properly be litigated in this court and so can be removed here.

The motion of the City of Bethlehem to remand will be denied.