**EMPORIUM TRUST COMPANY**

v.

**Wilma DOLAWAY and John Hench Bixler, Guardian for Ethel Dolaway, Gloria Ann Dolaway, Herbert Richard Dolaway and Mary Alice Dolaway, minors, and Ethel Dolaway Cochran, in her own right.**

Civ. No. 7332.

United States District Court
M. D. Pennsylvania.

May 31, 1961.

John D. Gresimer, Emporium, Pa., for Emporium Trust Co.

Bernard J. Brown, U. S. Atty., Daniel R. Minnick, Asst. U. S. Atty., Scranton, Pa., for the government.

SHERIDAN, District Judge.

This is a motion to dismiss a petition by the United States to remove a proceeding from the Court of Common Pleas of Cameron County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. The action in the State court involved the distribution of proceeds of property, sold upon foreclosure of a mortgage, on which the United States had liens for unpaid federal employment taxes totalling $10,875.27, plus interest.

On April 7, 1961, the Sheriff of Cameron County sold the real estate and personal property of the Hotel Warner, Emporium, Cameron County, Pennsylvania, which was owned and operated by Wilma Dolaway and others, defendants in the State court proceedings. The sale was held on an execution writ issued on a judgment entered on a mortgage bond in favor of the Emporium Trust Company. The proceeds of the Sheriff's sale totalled $41,170.42, which represented $170.42 in miscellaneous cash receipts and $41,000.00 received from Emporium, the purchaser at the sale. Emporium paid the Sheriff cash of $10,902.66 and gave a lien creditor's receipt for $30,097.32, the amount of Emporium's mortgage liens on the property. The United States did not receive actual notice of the foreclosure proceedings. The only notice required under Pennsylvania law is that afforded by publication. Pa.R. C.P. Nos. 3128, 3129, 12 P.S.Appendix.

The Sheriff prepared and filed in his office a schedule of distribution. The record indicates that the United States received a copy of this schedule on April 14, 1961. Under this distribution municipal tax liens and Commonwealth of Pennsylvania sales and unemployment compensation tax liens were to be paid in full. The proposed distribution to the United States was $2,644.35. On April 21, 1961, the United States filed objections to the distribution in which it took exception to the proposed payments to the Commonwealth and the municipal subdivisions. On April 28, 1961, the Sheriff filed his schedule of distribution with the court.

Emporium was appointed sequestrator to maintain and operate the Hotel pending completion of the foreclosure proceedings. Emporium's sequestrator account, filed on May 5, 1961, showed $359.04 for distribution, $119.68 to the United States and the balance to another creditor. Emporium proposed that this sum be distributed as a continuation of the Sheriff's distribution, and that any objections to the account be considered along with objections of the United States to the Sheriff's schedule of distribution. The United States received notice of the sequestrator's account, but did not file objections.

On May 15, 1961, the court held a hearing on the objections to the Sheriff's distribution. The United States was represented at the hearing, but there was no testimony or argument on the objections. The court fixed June 26, 1961, for further proceedings on the objections. By agreement of Emporium and the United States, the June 26 hearing was postponed to allow the United States to present its petition for removal. The petition for removal was filed on July 5, 1961. Emporium filed an answer, and moved for a dismissal of the petition.

Both the United States and Emporium agree that the question of priority for the satisfaction of federal tax liens out of the property seized is a matter over which the United States District Court has jurisdiction and is a proper subject for removal to this court. 28 U.S.C.A. §§ 1340, 1441, 1444, 2410; City of New York v. Evigo Corp., S.D.N.Y.1954, 121 F.Supp. 748.

Emporium attacks the petition for removal on the ground that it was not filed within twenty days after service of the papers from which it could first be ascertained that the case is one which is removable, as required by 28 U.S.C.A. § 1446(b), paragraph 2. In this case, the papers would be the Sheriff's schedule of distribution.

The United States contends that the petition was filed in proper time because

282

(a) the Sheriff's schedule of distribution was not such a pleading, summons, amended pleading, motion, order or other paper, as required by 28 U.S.C.A. § 1446 (b), paragraph 2, which starts the twenty day period running, and (b) even if the schedule of distribution could be considered such a pleading or paper, the action came within the purview of 28 U.S.C.A. § 2410 concerning actions affecting property on which the United States has a lien. This section gives the United States sixty days in which to plead, in addition to the twenty days under 28 U.S.C.A. § 1446. Thus, since the dispute arose on April 21, 1961, the date on which the United States filed objections to the schedule of distribution, the United States had eighty days, or to July 10, 1961, in which to file its petition for removal.

■ The timeliness of the petition for removal is a matter to be determined by federal law. Stoll v. Hawkeye Casualty Co., 8 Cir., 1950, 185 F.2d 96, 99, 22 A.L.R.2d 899; Crivello v. Board of Adjustment of the Borough of Middlesex, D.N.J.1960, 183 F.Supp. 826, 828; Chicago, Rock Island and Pacific Railroad Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317.

Section 1446(b) of Title 28 of the United States Code Annotated provides:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ Emporium started the State court proceeding against Wilma Dolaway et al., defendants, by entering judgment on the mortgage bond. A writ of execution for the sale of the defendants' property issued to the Sheriff. The sale was held in accordance with the Pennsylvania law as outlined by Pa.R.C.P. Nos. 3101 et seq. The United States was not a party to these proceedings. Under Pennsylvania law notice of a sheriff's sale is not given to lienholders except by newspaper publication and the posting of handbills. Pa.R.C.P. Nos. 3128, 3129. Thus, the United States at this point did not have actual knowledge of the State court proceedings.

Subsequent to the sale, the Sheriff proceeded in accordance with Pa.R.C.P. No. 3136. The pertinent sections of this Rule provide:

"(a) Not later than thirty (30) days after the sale of real property and not later than five (5) days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be kept on file and shall be available for inspection in his office. No schedule of distribution or list of liens need be filed when the property is sold to the plaintiff for costs only.

\* \* \* \* \* \*

"(d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than ten (10) days after the filing of the proposed schedule.

"(e) Upon the filing of exceptions with the sheriff he shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.

"(f) The court shall determine the exceptions, and for this purpose

may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court."

On April 12, 1961, the Sheriff filed in his office the schedule of distribution. On April 14, 1961, a copy of this schedule was received by the United States. On April 21, 1961, the United States filed with the State court, not the Sheriff, timely exceptions to the schedule of distribution. On April 28, 1961, the Sheriff filed with the State court his schedule of distribution.

■ ■ It is apparent that until the Sheriff filed his schedule of distribution, and the United States took exception to the schedule, there was no civil action or proceeding pending which would be removable under § 1446(b). To constitute a civil action or proceeding, the intervention of a court is required. Lummus Company v. Commonwealth Oil Refining Co., S.D.N.Y. 1961, 195 F.Supp. 47, 55. Prior to the filing of the schedule there was the possibility that the Sheriff would satisfy in full the lien of the United States. Moreover, even if the United States were to receive less than full satisfaction, until exceptions were filed, it was possible that the United States would agree with the proposed distribution. The Sheriff's schedule of distribution, of which the United States had notice and to which it filed exceptions, was a sufficient paper of record from the filing of which the twenty day period began to run. Putterman v. Daveler, D.Del.1958, 169 F.Supp. 125, 129. The United States was aware that the priority of federal tax liens was in dispute and that it had twenty days in which to file the petition for removal. Its failure to do so makes the petition for removal untimely.

■ This result is not altered by the fact that the exceptions were filed with the State court prior to the schedule of distribution. Neither the United States nor Emporium has questioned the order in which the documents were filed. A filing of papers out of time is generally a formal defect to which the parties

may waive objection. Albertson v. Federal Communications Commission, 1950, 87 U.S.App.D.C. 39, 182 F.2d 397, 401; 71 C.J.S. Pleading §§ 562, 564, 571. If the United States had filed the exceptions with the Sheriff, as provided by Pa.R. C.P. No. 3136, the schedule of distribution and the exceptions would have been filed with the court at the same time. By bringing this matter before the State court, the Sheriff sought to have his proposed distribution confirmed and in effect requested relief against the claims of the United States. City of New York v. Evigo Corp., supra. See also, Chicago, Rock Island and Pacific Railroad Co. v. Stude, supra; Oregon v. Hitchcock, 1906, 202 U.S. 60, 69, 26 S.Ct. 568, 50 L.Ed. 935.

The United States argues that if this proceeding can be said to come within the purview of § 2410 (formerly §§ 901, 902, 904 and 905) of the United States Code Annotated, then the United States has sixty days in which to answer, and under § 1444 (formerly § 903) and § 1446 (formerly §§ 72, 74, 76) the United States has an additional twenty days after the time allowed to answer in which to petition for removal. Eighty days from the time that the dispute arose on April 21, 1961, would permit until July 10, 1961, to file the petition. It is argued, therefore, that the petition filed on July 5, 1961, was timely. In support of this rationale, the United States relies on Miners Savings Bank of Pittston, Pa. v. United States, M.D.Pa.1945, 63 F. Supp. 305.

Assuming that this case comes within the purview of § 2410, the Government's argument may be disposed of by noting the statutory changes in the removal procedure. When the Miners Savings Bank case was decided, former §§ 902, 903 and 72 applied to actions affecting property on which the United States had a lien, and the procedure to remove such actions from the state courts to the federal courts. Former §§ 902 and 903 specifically provided that the United States had sixty days in which to answer or plead in such actions and that a petition

for removal could be filed at any time before the expiration of thirty days after the time allowed to the United States to answer. The Miners Savings Bank case held that in accordance with the clear language of §§ 902 and 903 the United States had ninety days in which to initiate removal proceedings.

This practice has been changed. Successor §§ 2410, 1444 and 1446(b) make no time exceptions in which removal proceedings by the United States are to be initiated. While under former § 72 the time for removal for all parties was geared to the time within which the defendant was required to plead, the time for removal under § 1446(b) is geared essentially to the initiation of the state court action or to steps taken thereafter at the instance of the plaintiff. As stated in "Moore's Commentary on the U. S. Judicial Code," 1949 Ed., at page 260,

"Under the prior practice the United States had sixty days after service within which to answer and an additional thirty days thereafter within which to remove—a total of ninety days. While under § 2410 the United States still is given sixty days within which to answer, § 1446(b), governing the time for removal, is not geared to the time allowed to answer, but instead it provides for removal 'within twenty days after the receipt * * * of the initial pleading * * * or * * * the service of summons * * * whichever period is shorter;' and it makes no exception for the United States. The only exception made for the United States is that it need not give bond."

This is consistent with the policy and purpose of Congress to effect removals as early as possible and avoid unnecessary delays. Gilardi v. Atchison, Topeka and Santa Fe Railway Co., N.D. Ill.1960, 189 F.Supp. 82. See also, Moore's Commentary on the U. S. Judicial Code, supra, page 273.

Assuming, therefore, that this action comes within the purview of § 2410, the petition is not timely since it was not filed within twenty days after the State court proceeding was commenced.

It is unnecessary to consider Emporium's additional argument that the United States waived its right to remove, and the arguments of Emporium and the Government as to whether the removal, if granted, would cause a multiplicity of suits.

An order will be entered remanding this case to the State court.