**GENERAL STATE AUTHORITY**

v.

**Charles J. SCHREDER.**

**Civ. A. No. 69-2801.**

United States District Court,
E. D. Pennsylvania.

Dec. 28, 1970.

Geisenberger, Pfannebecker & Gelsenberger, Xakellis, Perezous & Mongiovi, Lancaster, Pa., for plaintiff.

Frank E. Roda, Newcomer, Roda & Morgan, Lancaster, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This action or proceeding was removed to this Court from the Court of Common Pleas of Lancaster County on November 26, 1969, when Charles J. Schreder, hereinafter referred to as "defendant", filed in this Court a "petition for removal" pursuant to the provisions of 28 U.S.C. § 1441 et seq., alleging diversity of citizenship, which is admitted and an "amount in controversy" in excess of $10,000.00 which is not denied. General State Authority, hereinafter referred to as "plaintiff" has filed a "motion to remand" the action to the State Court contending that the petition for removal was not filed within thirty (30) days of the receipt of a copy of the "initial pleading" as required by statute.[1]

---

1. 28 U.S.C. § 1446(b) provides, inter alia:

"(b) The petition for removal of a civil action of proceeding shall be filed

The State Court action originated on September 16, 1969, (more than thirty days prior to the filing of a petition for removal on November 26, 1969) when the plaintiff filed a Declaration of Taking in the Court of Common Pleas of Lancaster County whereby the defendant's property was condemned for the purpose of constructing a student center at Millersville State College.

Both parties concede that the action should be remanded, but for different reasons and with wholly different effects. Plaintiff contends that the Removal Petition was not filed within thirty days as required by 28 U.S.C. § 1446(b) and, therefore, the action should be finally remanded to the State Court. Defendant, on the contrary, contends that the Removal Petition was *prematurely* filed, that the Court should so find and that, upon remand on that basis, the defendant will accordingly have the opportunity to again file an appropriate petition to remove the action to this Court when the proceedings are ripe for the filing of such petition. The defendant contends that the proceeding has not yet ripened into a "civil action" in the State Courts and that the thirty (30) day period prescribed by 28 U.S.C. § 1446(b) has not yet commenced to run.[2] He contends that the filing of a Declaration of Taking does not constitute a "civil action" within the meaning of the Removal Statute. He contends that the Declaration merely institutes an In Rem proceeding which ripens into a "civil action", within the meaning of the statute, only if and when a controversy exists as to the "amount of damages" as to which the Pennsylvania Statute prescribes a procedure. Thus, if the parties subsequently agree on "damages" he contends that no "civil action" ever existed which could have been the subject of removal to the Federal Courts. In so contending he seems to overlook the fact that "the only purpose of litigation arising out of the condemnation is to determine the amount of damages" to which the property owner is entitled. In Re Monocacy Park, City of Bethlehem, 181 F.Supp. 880 (E.D.Pa.1960). Moreover, the fixing of damages is initiated by the subsequent, and sometimes delayed, filing of a petition for the appointment of a Board of View. To thus delay possible removal to the Federal Courts may well be contrary to the congressional policy behind 28 U.S.C. § 1446 which is intended to effect removals "as early as possible". Emporium Trust Co. v. Dolaway, D.C., 205 F.Supp. 280, 284 (1961).

Additionally, the Pennsylvania statute [26 P.S. § 1–402(a)] provides that "condemnation * * * shall be effected only by the filing *in court* of a Declaration of Taking * * *". That the matter is thus pending "in court" substantially detracts from defendant's contention that no "civil action" is pending. That an "action" is pending is further evident from the fact that the condemnee is required to file preliminary objections within thirty (30) days from the notice of taking if he desires to challenge the right to condemn, the suffi-

---

within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

2. 28 U.S.C. § 1446(b) relates to a "civil action or proceeding". Obviously, if no such action or proceeding is or was pending by reason of the filing of the Declaration of Taking then there was nothing to remove to this Court and the Removal Petition was premature.

ciency of the security, the procedures followed or the Declaration of Taking. 26 P.S. § 1–406. Of even greater significance is the fact that the Declaration of Taking passes title to the condemnor and it is unrealistic to suggest that a proceeding by which the State seizes the ownership and title to private property relegating the private owner to damages, is something less than a "civil action" within the meaning of 28 U.S.C. § 1446.

The plaintiff relies heavily upon the case of Chicago, Rock Island and Pacific Railroad Co. v. Stude, 8 Cir., 204 F.2d 116 (1953). But the real issue there was whether the railroad company, which had initiated eminent domain proceedings, was a "defendant" within the meaning of the statute.[3] The railroad was, of course, not a "defendant" and the Court so held. Additionally, the Iowa procedure there involved was not initially an "in court" proceeding as is expressly provided by the Pennsylvania statute. It was a proceeding initiated with the County Sheriff who appointed a commission to assess damages and it was from the commission's award that an appeal placed the matter "in court" and at which point the proceeding became a "suit" as stated by the Stude court.[4] But there is little or no similarity between the Iowa procedures and the procedures with which we are here concerned. In any event, the plaintiff's interpretation of the Stude decision has been squarely rejected by this Court in the case of In Re Monocacy, City of

Bethlehem, 181 F.Supp. 880, where at page 882 the Court stated:

> " * * * The Stude case does not decide * * * that a defendant in a state court proceeding cannot remove an eminent domain case to a federal court until the case has arrived at the jury stage in the state court * * * ".

Moreover, the Stude court relied upon Boom Company v. Patterson, 98 U.S. 403, 25 L.Ed. 206 (1878)[5] and Pacific Railroad Removal Cases, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885)[6] which involved ex parte proceedings antecedent to the actual commencement of the adversary proceedings between the parties. The Supreme Court so stated in the subsequent case of Searl v. School District No. 2, 124 U.S. 197, 8 S.Ct. 460, 31 L.Ed. 415 (1885). The Colorado statute there involved provided for the appointment of a commission of three to assess damages unless a jury trial was demanded. The Court held (p. 199, 8 S.Ct. p. 461, 31 L.Ed. 415) that this did not

> " * * * make the proceeding from its commencement any the less a suit at law, within the meaning of the constitution and acts of congress and the previous decisions of this court. The appointment of the commissioners is not, as in the case of [Mississippi & R. R.] Boom Co. v. Patterson (supra) and [Pacific Railroad] the Removal Cases, (supra) a step taken by the party seeking to make the appropriation ex parte, and antecedent to the

---

3. Note that under 28 U.S.C. § 1446(a) only "a defendant or defendants" may initiate removal proceedings.

4. The Iowa statute provided that after the filing of the appeal from the commissioners' award the matter should thereafter be tried "as in an action by ordinary proceedings". The petition for appeal and responses thereto were, for the first time in the statute, referred to as "pleadings". (See 204 F.2d page 118 of Stude decision).

5. At page 406, 25 L.Ed. 206 the Court stated: "The proceedings before the

Commissioners * * * was in the nature of an inquest * * * not a suit at law in the ordinary sense of those terms. But when it was transferred to the * * * Court by appeal * * * it took * * * the form of a suit at law * * * ". In the instant case, on the contrary, the initial proceeding is, by statute, an "in court" proceeding.

6. Proceedings before a city mayor were properly held not to have "the character of a suit" (p. 19, 5 S.Ct. 1113, 29 L.Ed. 319). Here, the proceedings are by statute "in court" proceedings.

actual commencement of the adversary proceeding inter partes, which constitutes a suit in which the controversy takes on the form of a judicial proceeding. Because, under the Colorado law, the appointment of the commissioners is a step in the suit, after the filing of the Petition and the service of the summons upon the defendant. It is an adversary judicial proceeding from the beginning  *  *  * ".[7]

The Colorado procedure passed upon in *Searl* was more nearly similar to the Pennsylvania procedures than were the "ex parte" procedures involved in the *Boom* and *Pacific* cases.

Likewise, the Pennsylvania procedures are similar to those passed upon in Madisonville Traction Company v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462 (1905) in which the proceeding was held to be a removable action.

■ We have sought to consider the record before us in a light most favorable to the defendant to afford him the opportunity to exercise his right to removal. However, because of the specific provisions of the Pennsylvania statute and the applicable decisions, we are forced to conclude that a "civil action or proceeding" exists, within the meaning of 28 U.S.C. § 1446(b), and has so existed since the filing of a notice and a Declaration of Taking on September 16, 1969.

■ Having so concluded, we face the question whether the Declaration of Taking was or is an "initial pleading"

within the meaning of 28 U.S.C. § 1446(b). Although oral argument touched the question, it has not been pursued by way of written brief. That the Declaration of Taking is the "initial pleading" is evident from the language of the Pennsylvania statute, Section 1–406 (26 P.S. § 1–406) of which provides that within thirty (30) days after being served with the Notice of Condemnation preliminary objections must be filed to challenge the right to condemn, the procedures followed, the sufficiency of the security or the Declaration of Taking. That such legal responses are required within thirty days is clear evidence of the fact that the Declaration is a "pleading" as contemplated by 28 U.S.C. § 1446(b). That it is or was the "initial" filing is unquestioned.

■ That being the case, it follows that, to comply with the statute, the petition for removal must have been filed within thirty (30) days following September 29, 1969, the date when same was received by the defendant. (See paragraph 5 of Petition for Removal filed by defendant). It was not filed in this Court until November 26, 1969. The statute is mandatory. We have no discretion. Putterman v. Daveler, D.C., 169 F.Supp. 125 (1958); Green v. Zuck, D.C., 133 F.Supp. 436 (1955); Maybruck v. Haim, D.C., 290 F.Supp. 721 (1968); Wisseman v. LaChance, D.C., 209 F.Supp. 807 (1962); Sunbeam Corp. v. Brazin, D.C., 138 F.Supp. 723 (1956).

For the reasons stated we shall remand the action to the State Court and grant the plaintiff's motion to remand.

7. So, in the instant case, the filing of a petition for the appointment of viewers is "a step in the suit, after the filing" of the Declaration of Taking and the giving of "notice" to the property owner.